# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN C. BENAVIDES,<br>    Plaintiff,<br>  v.<br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br>    Defendant.<br>_____ | NO. ED CV 17-103-KS<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Susan C. Benavides ("Plaintiff") filed a Complaint on January 20, 2017, seeking review of the denial of her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. (Dkt. No. 1.) The parties have consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13.) On November 27, 2017, the parties filed a Joint Stipulation. (Dkt. No. 25 ("Joint Stip.").) Plaintiff seeks an order reversing the Commissioner's decision and ordering the payment of benefits or, in the alternative, remanding for further proceedings. (Joint Stip. at 9-10, 16-17.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further

1

proceedings. (*Id.* at 17-18.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On October 29, 2013, Plaintiff, who was born on August 11, 1953[1], filed an application for a period of disability and DIB. (Administrative Record ("AR") 30, 177-79.) Plaintiff alleged disability commencing on June 1, 2013 due to spinal stenosis, chronic back pain, bilateral carpal tunnel syndrome, and chronic neck pain. (AR 80, 91.) After the Commissioner denied Plaintiff's application initially (AR 80-89) and on reconsideration (AR 91-100), Plaintiff requested a hearing (AR 115-16).

At a hearing held on March 29, 2016, at which Plaintiff appeared with counsel, an Administrative Law Judge ("ALJ") heard testimony from a medical expert, Plaintiff, and a vocational expert. (AR 42-79.) On April 6, 2016, the ALJ issued an unfavorable decision denying Plaintiff's application for a period of disability and DIB. (AR 30-37.) On November 17, 2016, the Appeals Council denied Plaintiff's request for review. (AR 1-4.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her June 1, 2013 alleged onset date and that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, degenerative joint disease of the bilateral knees, and obesity. (AR 32.) The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in the Commissioner's Listing of Impairments. (AR 33.) The ALJ found

---

[1] At age 62 on the date of the hearing, under agency guidelines, Plaintiff would be classified as a "person closely approaching retirement age." C.F.R. § 404.1563(e).

2

that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b), specifically:

> [Plaintiff] can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for a total of six hours, and sit for a total of six hours, in an eight-hour workday with normal breaks; can occasionally climb stairs, bend, balance, stoop, kneel, crouch or crawl; is precluded from climbing ladders, ropes or scaffolds and from performing work around unprotected heights or dangerous/fast-moving machinery.

(*Id.*) The ALJ found that Plaintiff was capable of performing her past relevant work as a medical assistant and medical clerk. (AR 36.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act between June 1, 2013 and the date of the decision. (*Id.*)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

//
//

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation omitted); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted).

**DISCUSSION**

Plaintiff alleges that the ALJ improperly discounted Plaintiff's subjective pain and symptom testimony. (Joint Stip. at 4.) For the reasons discussed below, the Court concludes that this issue does not warrant reversal of the ALJ's decision.

**A.   Applicable Law**

On March 28, 2016, Social Security Ruling ("SSR") 16-3p rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's

statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3p, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on April 6, 2016, it is governed by SSR 16-3p. *See id.* at *13 and n.27. In pertinent part, SSR 16-3p eliminated the use of the term "credibility" and clarified that a subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Rather, adjudicators will more closely follow the Commissioner's regulations, which require that adjudicators "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2017 WL 5180304, at *2.

An ALJ must make two findings in assessing a claimant's pain or symptom testimony. SSR 16-3p, 2017 WL 5180304, at *3; *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1102 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). Second, "[i]f the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015). The Court noted that the change between SSR 96-7p and SSR 16-3p removing the term "credibility" simply served to "mak[e] clear what our precedent already required" which was an evaluation of symptoms based in and consistent with the record as opposed to a "character and apparent truthfulness" evaluation. *Trevizo*, 871 F.3d at 678 n.5.

//
//

In assessing a plaintiff's testimony, the ALJ may consider a number of factors, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2017 WL 5180304, at *7-8; 20 C.F.R. § 404.1529(c)(3). The ALJ must also "specifically identify the testimony [from the claimant that] she or he finds not to be credible and . . . explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). "General findings are insufficient." *Brown-Hunter*, 806 F.3d at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

**B.     Analysis**

During the administrative hearing, Plaintiff testified as follows about her pain and symptoms. She takes several medications, including Cymbalta and Tizanidine that help "somewhat" to "take the edge off," but "the pain is always there." (AR 55-56.) She stretches for an hour and a half each day to help with the pain. (AR 58.) She can perform her own grooming and cooks light meals. (*Id.*) She can walk for less than half a block at a time. (AR 62.) She needs to change positions "every couple of minutes." (*Id.*) Because of lack of hand strength, she cannot lift, grab, or grasp anything. (AR 65.) She needs to elevate her legs four hours per day. (AR 68.) She can sit for ten to fifteen minutes at a time and stand for five minutes or less. (AR 68-69.) She can lift two or three pounds. (AR 69.)

//
//

In addition to testifying at the hearing, Plaintiff completed a Function Report describing her activities and abilities. (AR 201-08.) In pertinent part, Plaintiff wrote that she has no problems performing personal care (AR 202-03), does light housekeeping (AR 203), and can drive and shop (AR 204).

The ALJ determined that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her subjective symptom allegations were "not entirely consistent with the medical evidence and other evidence in the record." (AR 33-34.) The ALJ explained her determination in a section from which five separate reasons can be identified. (AR 33-35.)

First, the ALJ noted that Plaintiff reported a "range of activities including self-care, housework, errands (including driving and shopping in stores), and social and leisure activities." (AR 33, citing AR 201-08.) But the ALJ did not proceed to explain why this factor either undermined or supported Plaintiff's subjective symptom allegations. The mere recitation of a factor, such as a claimant's daily activities, is insufficient. *See* SSR 16-3p, 2017 WL 5180304, at *10 ("It is . . . not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the weight given to the individual's symptoms . . . , and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."). Because the ALJ did not explain the weight, if any, given to this factor, this was not a legally sufficient reason to discount Plaintiff's subjective symptom allegations.

Second, the ALJ found that "[t]he medical evidence of record from the alleged onset date is relatively limited and does not reflect a disabling degree of functional restriction." (AR 34.) In support, the ALJ cited five examples from the medical record: (1) according to a November 2013 treatment note by Dr. Ismail, who saw Plaintiff for shortness of breath,

7

Plaintiff "denied any chest pain, abdominal symptoms, or other significant symptomatology" (AR 329); (2) according to a January 2014 examination by Dr. Safavi, Plaintiff "demonstrated normal gait and maneuvering ability, with generally good strength and range of motion in her spine and extremities, and with no indication of neurologic deficiency" (AR 338-39); (3) according to February 2014 medical imaging, Plaintiff's cervical spine revealed degenerative changes at C4-7, characterized by disc space narrowing and osteophyte formation but with no clear indication of stenosis or nerve impact (AR 355); (4) according to a June 2014 pulmonary function test, Plaintiff demonstrated "generally normal findings, indicative of no more than a possible mild small airway obstruction" (AR 364); and (5) according to a July 2014 x-ray, Plaintiff's "knees showed moderate to severe joint space narrowing, bilaterally, with normal alignment" (AR 362). In light of this objective medical evidence, the ALJ was entitled to rely on inconsistencies with that evidence as one of the reasons to discount Plaintiff's subjective symptom allegations. *See, e.g., Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); *Morgan v. Comm'r of the SSA*, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may reject a claimant's testimony by citing the conflict between that testimony and the objective medical evidence in the record).

Plaintiff disputes this reason because "[t]he existence of different medical opinions only raises the issue of the excess pain but never resolves it once the claimant for benefits satisfies the burden of proving the existence of an impairment that could cause the pain and limitation." (Joint Stip. at 9.) Plaintiff is correct insofar that an ALJ may not rely solely on a lack of objective medical support to reject a claimant's subjective symptom allegations. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) ("[A]n adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about the intensity, persistence,

and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). Plaintiff's argument is not well-taken here, however, because the ALJ did not rely solely on lack of objective medical support, but also relied on the other reasons identified below.

Third, the ALJ found that "[t]reatment records from February 2014 reflect the claimant's request for medication refills, and reports that her symptoms were well-controlled on her current regimen." (AR 34, citing AR 358.) According to the cited treatment record, Plaintiff reported that her symptoms were "controlled with Cymbalta and Tizanidine." (AR 358.) The ALJ could have reasonably found that this statement was inconsistent with Plaintiff's subsequent testimony that her medications were ineffective to control her pain. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (noting that "prior inconsistent statements" is a permissible ground to reject a claimant's complaints and finding the claimant's complaints undermined in part by his statement that his diabetes was controlled by medication); *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits."); *see also Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting that an ALJ may consider whether treatment produced a fair response or control of pain that was satisfactory).

Fourth, the ALJ found that in February 2014, Plaintiff "reported worsening of her upper back pain, but indicated inconsistent compliance with medication and physical therapy." (AR 34, citing AR 349.) According to the cited treatment record, Plaintiff was "[c]ompliant with Cymbalta and Tizanidine and thinks that pain is worse when she stops taking these meds"; and "[p]hysical therapy did not 'go well' [and] caused 'a 3 day spasm fest and I didn't go anymore.'" (AR 349.) Plaintiff argues that it was unreasonable for the ALJ to infer "inconsistent compliance" from this evidence because the only reasonable inference is that Plaintiff "tried to not rely so heavily on her medication early on" and that

9

she stopped going to physical therapy because a prior visit did not go well and caused a "[three] day spasm fest." (Joint Stip. at 8.)

The Court finds that this reason was legally sufficient in part. With respect to Plaintiff's compliance with her medications, Plaintiff's interpretation of the evidence in this regard is not the only reasonable interpretation. Based on Plaintiff's statement that her "pain is worse when she stops taking these meds," the ALJ could have reasonably inferred that Plaintiff was noncompliant with her medication for at least some time. Plaintiff's alternative explanation that she "tried to not rely so heavily on her medication early on" is conceivable but also speculative. At most, the evidence of Plaintiff's medication compliance is susceptible to more than rational interpretation, in which case the ALJ's interpretation must be upheld. *See Burch*, 400 F.3d at 679. Thus, the ALJ could properly interpret the record to evince medication noncompliance and rely upon it in part to discount Plaintiff's subjective symptom allegations, particularly since Plaintiff reported elsewhere that these medications controlled her symptoms. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (noting that a failure to follow prescribed treatment may "cast doubt on the sincerity of the claimant's pain testimony"). With respect to Plaintiff's compliance with physical therapy, however, the Court agrees with Plaintiff that the evidence showed she had expressed a legitimate reason to discontinue the visits. As Plaintiff points out (Joint Stip. at 8), a claimant might reasonably decline a course of treatment whose "side effects are less tolerable than the symptoms." SSR 16-3p, 2017 WL 5180304, at *10. The part of the ALJ's reasoning that is premised on physical therapy, therefore, does not support a finding of noncompliance.

Fifth, the ALJ found that "[t]he record documents no treatment for any impairment between October 2014 and the hearing date [in March 2016] apart from an August 2015 request by the claimant that [her treating physician] Dr. Rahimi provide a narrative regarding the claimant's medical conditions." (AR 34-35, citing AR 420.) Plaintiff disputes this reason by pointing out that during this period, in May 2015, Plaintiff was prescribed multiple

medications, including Tylenol with Codeine. (Joint Stip. at 16, citing AR 428.) And although Plaintiff does not point it out, the record also demonstrates that the narrative completed in August 2015 included a comment that Plaintiff "has been seen in the office every 2 or 3 months." (AR 422, 430.)

Based on this evidence, the record is ambiguous as to whether Plaintiff in fact received any treatment between October 2014 and March 2016. Despite the May 2015 prescriptions cited by Plaintiff and the comment that Plaintiff has been seen in the office every two or three months, the record does not contain any concrete evidence of treatment received by Plaintiff for any impairment between October 2014 and March 2016. The medical record does not document for this period any evidence that Plaintiff received any office visits, medical examinations, clinical findings, or diagnoses from a treating physician. Moreover, Plaintiff had an opportunity to rebut the ALJ's finding by submitting treatment evidence for this relevant period when she sought review in the Appeals Council, but she submitted only treatment evidence post-dating the ALJ's April 2016 decision. (AR 11-16.)

Under the circumstances, the ALJ's interpretation of the medical record as demonstrating a treatment gap is a rational interpretation that must be upheld. *See Burch*, 400 F.3d at 679; *see also Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995) (citation omitted) ("We will not reverse credibility determinations of an ALJ based on contradictory or ambiguous evidence."). It follows that the ALJ could properly rely in part upon a treatment gap to discount Plaintiff's subjective symptom allegations. *See Fair*, 885 F.2d at 603 (noting that an ALJ may rely on a claimant's failure to seek treatment to discount her subjective complaints); *Marsh*, 792 F.3d at 1173 n.2 (holding that the ALJ properly rejected the claimant's symptom testimony in part because gaps existed in her treatment regimen). A treatment gap was particularly relevant in this case because Plaintiff testified that her current regimen was ineffective to alleviate her pain. (AR 56.)

11

In sum, the ALJ provided four legally sufficient reasons to discount Plaintiff's subjective symptom allegations: (1) a lack of objective medical support; (2) Plaintiff's statement that her symptoms were controlled by medication; (3) evidence permitting a reasonable inference of medication noncompliance; and (4) evidence permitting a reasonable inference of a treatment gap. The ALJ also provided two other reasons, based on Plaintiff's daily activities and compliance with physical therapy, that were legally insufficient, but amounted to harmless error in light of the other legally sufficient reasons identified in the ALJ's decision. *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that an ALJ's reliance on two unsupported reasons was harmless error where the adverse credibility determination otherwise was supported by legally sufficient reasons). Consequently, the single issue raised here challenging the ALJ's assessment of Plaintiff's subjective pain and symptom testimony does not warrant reversal.

**CONCLUSION**

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

//
//
//
//
//
//
//
//
//
//

| | |
|---|---|
| 1 | Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision |
| 2 | of the Commissioner of the Social Security Administration. |
| 3 | |
| 4 | IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this |
| 5 | Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for |
| 6 | Defendant. |
| 7 | |
| 8 | LET JUDGMENT BE ENTERED ACCORDINLY. |
| 9 | |
| 10 | |
| 11 | DATE: April 17, 2018 |
| 12 | KAREN L. STEVENSON |
| | UNITED STATES MAGISTRATE JUDGE |